Exhibit 3

```
                                                                    1
 1           IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

 2                 IN AND FOR THE COUNTY OF MARICOPA

 3

 4

 5   STATE OF ARIZONA                   )
                                        )
 6        Plaintiff,                    )
                                        ) CR2018-000814-001
 7   v.                                 ) CR2018-126694-001
                                        ) CR2012-114678-001
 8   COLE JOSEPH SPENCER                )
                                        )
 9        Defendant.                    )
     -----------------------------------
10

11

12           REPORTER'S TRANSCRIPT OF PROCEEDINGS
                           SENTENCING
13
                             BEFORE:
14
                THE HONORABLE KATHLEEN H. MEAD
15                   Judge of Superior Court

16

17

                           October 30, 2018
18                         Phoenix, Arizona
                              8:54 a.m.
19

20

21

22                               Vanessa Gartner, RPR
                                 Certified Reporter
23                               Arizona No. 50601

24

25
```

```
                                                                    2
 1                        A P P E A R A N C E S
 2
 3
 4   FOR THE STATE:
 5            MS. TANYA ROUINTAN, ESQ.
              Maricopa County Attorney's Office
 6
 7
 8
 9   FOR THE DEFENDANT:
10            MR. MATTHEW FRANKLIN LEATHERS, ESQ.
              Matthew F. Leathers PC
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

3

1                P R O C E E D I N G S
2
3            (Whereupon the proceedings commenced in
4  open court:)
5
6            THE COURT:  This is the time set for
7  sentencing in CR2018-126694-001, CR2018-000814-001.  We
8  are here for disposition in CR2012-114678-001, all in the
9  matter of State of Arizona vs. Cole Joseph Spencer.
10           Counsel?
11           MS. ROUINTAN:  Good morning, Your Honor.
12 Tanya Rouintan on behalf of Mercedes Torres in all
13 matters.
14           MR. LEATHERS:  Good morning.  Matthew
15 Leathers representing Cole Joseph Spencer in all matters
16 who is present in custody.  We are ready to proceed with
17 sentencing.
18           THE COURT:  Sir, if you would state your
19 name?
20           THE DEFENDANT:  Cole Joseph Spencer.
21           THE COURT:  And your date of birth?
22           THE DEFENDANT:  10/23/85.
23           THE COURT:  Sir, you are before the Court
24 for Sentencing.  You pled guilty on September 27, 2018, in
25 the matter ending -964.  You pled guilty to Count 1,

                                                                 4

1    Burglary in the Second-Degree, a Class 3 Non Dangerous
2    felony, with one prior felony conviction, occurring on
3    February 18, 2018, as well as to Count 2, Burglary in the
4    Third-Degree, a Class 4 Felony, occurring March 11, 2018.
5               In the matter ending -814, you pled guilty
6    to Count 1, Aggravated Assault, a Class 4 Non Dangerous
7    Felony with one prior felony conviction, occurring March
8    21, 2018.  You were found in automatic violation of your
9    probation.  You were -- in the matter ending -678, you
10   were on probation for Burglary, a Class 4 Felony,
11   occurring on September 20, 2011.
12              I have reviewed the plea agreements in this
13   case, the presentence report, the criminal history.  I did
14   the settlement conference as well, and reviewed
15   information provided to me for the settlement conference.
16              Does the State have anything to add?
17              MS. ROUINTAN:  Yes, Judge.  Ms. Torres would
18   request that the Court follow the terms of the plea
19   agreements in this case.  Regarding probation, she is
20   asking for at least four years of supervised probation.
21   She cited that the defendant has nine historical priors.
22              He was out of DOC only for two months when
23   he started committing crimes again.  These are victim
24   crimes; the crimes are escalating.  Most of his priors are
25   for burglary in the third-degree, and now he is going into

5

1  people's homes and committing aggravated assaults on
2  police officers.  Two of the officers are still recovering
3  from their injuries and are receiving testing for blood
4  exposure.  They wanted to see at least 10 years of DOC.
5              Given his criminal history, the escalation
6  of behavior, four years of probation is appropriate, once
7  he is released from his prison sentence, to ensure he does
8  remain law-abiding.
9              Regarding restitution, she would ask that
10 the Court order the amount that's included in the plea
11 agreement, but that you leave restitution open since there
12 are multiple victims in an aided case that they're still
13 awaiting documentation on.
14             THE COURT:  Thank you.
15             Counsel?
16             MR. LEATHERS:  Your Honor, I'm asking that
17 you follow the stipulations in the plea agreement.  I know
18 we had a settlement conference.  Regarding probation, I'm
19 asking that you place my client on two years of supervised
20 probation following his release from the Department of
21 Corrections.
22             Also, in the 2012 case, I'm asking that you
23 revoke his probation, run it concurrent with his DOC case
24 that way he will only have one probation tail when he gets
25 out.  It is clear that he has a substance abuse issue and

6

1  unfortunately, finds himself here.  But he understands
2  that he's gotta deal with the substance abuse issue and
3  make better choices.
4              THE COURT:  Sir, what would you like me to
5  know?
6              THE DEFENDANT:  I -- Can I have one second
7  to gather my thoughts?
8              THE COURT:  Sure.
9              THE DEFENDANT:  All right.  So when we went
10 to the settlement conference, I had asked my lawyer if I
11 could sever the cases in the assault case and he told me
12 that I could not sever the cases, that if I took one to
13 trial that I had to take all of them to trial.  I was
14 under the preconceived notion that I had to take all my
15 cases to trial, if I took -- so I just wanted to get that
16 confirmed from the Court?
17             THE COURT:  Well, it's the State that makes
18 the decision about whether they extend an offer.  In this
19 case on your plea agreement, they're contingent upon each
20 other.  So just reading your plea agreement, I would
21 assume that's the case but I don't know.
22             Counsel, is that correct, that the offers
23 are contingent upon accepting both of them?
24             MS. ROUINTAN:  That's my understanding.
25             THE DEFENDANT:  I think you might

7

1  misunderstand me.  I have been proclaiming my innocence on
2  the assault case.  I'm guilty on the other cases, of
3  course.  I was offered nine years for the burglaries and
4  three years for the assault.
5              THE COURT:  Here's the deal.  You took a
6  plea.
7              THE DEFENDANT:  Right.
8              THE COURT:  I found the factual basis.  But
9  if you're saying:  I don't want this plea and I want to go
10 to trial on everything right now --
11             THE DEFENDANT:  No, I don't want to go to
12 trial on everything, I just want to go to trial on the
13 assault.
14             THE COURT:  That's not your choice.  Your
15 choice right now is:  Go forward with these pleas or you
16 can withdraw from both pleas.  The State is the one who
17 are in charge of deciding whether or not they are going to
18 make offers.  They have made an offer that's contingent
19 upon each other.  You can do both of them or none of
20 them.  That's your choice.
21             Would you like to do both of them or none of
22 them?
23             MR. LEATHERS:  Just give me one moment.
24             THE COURT:  So you're indicating today that
25 you are not guilty of the offense that you previously

1  admitted to; is that correct?
2           THE DEFENDANT:  Yeah, I'm just --
3           THE COURT:  Just answer the question.  Are
4  you right now saying that you lied when you told me that
5  you were guilty of that offense; is that what you're
6  telling me?
7           THE DEFENDANT:  Essentially, yes.
8           THE COURT:  Okay.  And we're going to do a
9  brief Donald.
10          MS. ROUINTAN:  Judge, I apologize.  Would I
11 have an opportunity to reach out to the assigned attorney
12 to see if she wants to be present?
13          THE COURT:  That's a good idea.  We are
14 going to reset today's date, so you can think about
15 this.  I do want to do a brief Donald, however.
16          Sir, you are -- he is Category 3, correct?
17          MS. ROUINTAN:  Yes, Judge.
18          THE DEFENDANT:  Can I talk to my -- before
19 we do any of this, can I talk to him?  I've tried to call
20 him 10 times over the last month and I haven't -- I can't
21 even get ahold of him.  So I've made this decision
22 today --
23          MR. LEATHERS:  I'm advising you not to make
24 the decision.  I'm telling you that.
25          THE COURT:  Right.  And the State has a

9

1  right to -- hold on.
2              THE DEFENDANT:  I'm not having -- I don't
3  have any English -- I'm just --
4              THE COURT:  I'm going to ask you to stop for
5  a second, okay?  The State has requested that the assigned
6  attorney be present.  They can make -- in order for you to
7  withdraw from the plea, you have to convince me that there
8  was a manifest injustice.  The State can argue about that
9  and they can convince me that's not the case.
10             I was premature in saying I was going to
11 allow you to do it.  Quite frankly, mostly, if you want to
12 go to trial I'm going to let you.  I don't think it's
13 always the wisest move, and in your case it probably
14 isn't.
15             So we are not going to do anything today and
16 you can certainly talk to your attorney, but not right
17 now.  Right now, I'm just going to go over really quick
18 the -- what your exposure is.  And I know -- I think we
19 did this at the settlement conference but in the matter
20 ending -964, your most serious offense is a class 3
21 felony, and then you have three class 4 Felonies.
22             Counsel, he's a Category 3 in all of these,
23 right?
24             MR. LEATHERS:  Yes, and no less than the
25 presumptive.

10

1                    THE COURT:  Because he was on probation.
2                    So if you go to trial and lose, you must be
3    sentenced to a term in the Department of Corrections on
4    the class 3 felony between 11.25 years and 25 years.
5                    On the class 4 felony, between 10 and 12 --
6    or 10 and 15 years.  You were on probation for a class 4
7    felony.  If you go to trial and lose, your probation will
8    be revoked and the law requires that your sentence be
9    stacked.  So on top of that 11.25 to 25 years, we have to
10   add the two and a half years or between one and 3.75 with
11   two and a half being the presumptive.
12                   The State, they're in charge of whether or
13   not you get a plea or not.  And at least how I read this
14   plea, it's contingent upon each other.  So if you withdraw
15   from one, they are going to ask for -- for you to withdraw
16   from both.  And if I allow you to withdraw at all, that's
17   good, I just grant it because the plea agreement requires
18   that.
19                   I would urge you to talk to your attorney.
20   Right now you have concurrent pleas for less than the
21   presumptive that you would get if you go to trial and
22   lose.  Whether or not you would actually get the
23   presumptive with the amounts of priors you have is a
24   question.  You might not get that because you have a lot
25   of priors and we have to stack the probation.

```
                                                              11
 1                  You've got a lot riding on this, which I
 2   think might be why you took the plea in the first place.
 3   But talk to your attorney.
 4                  MR. LEATHERS:  And then also, he had the
 5   class 3 that he was on probation for that is no less than
 6   15.75.
 7                  THE COURT:  Oh, I'm sorry.  That's right.  I
 8   thought it was a class 4.  The probation matter was 3.5 to
 9   8.75 with -- that's the presumptive.  I just missed that.
10   I thought it with was a class 4, I wasn't paying
11   attention.
12                  So you're looking at, on your best day,
13   probably 15 years on one of your counts -- or plus the
14   probation.  That's not including the other count and it's
15   not taking into consideration stacking or aggravating.  So
16   make good choices and you can talk to your attorney.
17                  MR. LEATHERS:  Judge, are we resetting this
18   or --
19                  THE COURT:  I'm going to reset it any way
20   because the county attorney has the right to be here.  You
21   guys can talk now but we will go ahead and reset this.
22                  THE BAILIFF:  How far do you want to reset
23   it?
24                  THE COURT:  Not too far but before the
25   holidays if we can get it.
```

                                                              12

 1                THE BAILIFF:  Do you want to send it out?
 2                THE COURT:  I have to take care of it here
 3    before we decide that because you're right, the State has
 4    an opportunity to be here.
 5                And I'm sorry.  We are not doing anything
 6    yet, we are waiting.  The State wants to be here, the
 7    asigned prosecutor.  So I have not made those decisions at
 8    this point.
 9                THE CLERK:  So it's going to be a
10    sentencing?
11                THE COURT:  It's a sentencing.
12                Counsel, we are going to continue this to
13    November 14th.
14                MR. LEATHERS:  What day of the week is that?
15                THE BAILIFF:  On a Wednesday.
16                MR. LEATHERS:  That's fine.
17                THE COURT:  Okay.
18                MR. LEATHERS:  Your Honor, can we recall it?
19    He is wishing to proceed to sentencing.
20                     (A recess was taken.)
21                THE COURT:  We are back on the record in
22    CR2018-126694-001, CR2018-000814-001, CR2012-114678-001.
23    Both attorneys and Mr. Spencer are in court.
24                Counsel, you had already spoken.  You had
25    earlier indicated you wished to withdraw from one of the

1  pleas, I told you that's not available.  You had an
2  opportunity to talk to your attorney about that.
3              Sir, how would you like to proceed?
4              THE DEFENDANT:  Let's go.
5              THE COURT:  Okay.  You're -- so you entered
6  a plea in one of the matters and gave me a factual basis
7  at that time.  You're not disputing that; is that correct?
8              THE DEFENDANT:  No.
9              THE COURT:  Okay.  I have reviewed the plea
10 agreement, the presentence report, the criminal history.
11 This is an unusual case where I have one sentence is a
12 aggravated sentence to nine years; so I have to make
13 aggravating factors.  The other is a mitigated sentence to
14 three years.  Not sure why it was done that way, but I am
15 going to proceed.
16              In the matter ending -964, the stipulation
17 is that the defendant is sentenced to a slightly
18 aggravated term of nine years in the Department of
19 Corrections, it is so ordered, with credit for 153 days
20 already served.  It is ordered dismissing the allegation
21 that the defendant was on probation, his additional
22 priors, and Counts 3, 4 and 5 of that indictment.
23              Sir, you are not to have contact with the
24 victim.  You are not to return to the scene of the crime.
25 You must submit to DNA testing and pay the cost of that

14

1  testing.  There is a stipulation to restitution in the
2  amount of $1,000.43 to the benefit of the victim, Danny
3  Mecham.
4             Counsel, the State needs to get information
5  to my clerk about that victim so that the order can
6  reflect all the information.  I'm not going to ask for it
7  on the record.
8             MS. ROUINTAN:  Yes, Judge.
9             THE COURT:  And that's to be paid at a rate
10 and amount to be determined by the Department of
11 Corrections.
12            As -- in that matter, as aggravating
13 factors:  The impact on the victim, the number of victims,
14 and the fact that the defendant has priors of the same
15 nature.
16            Mitigating factors:  He accepted
17 responsibility and it does appear that substance abuse has
18 contributed to his criminal history.  And he has a
19 probation tail.
20            When I'm balancing them for -- those
21 offenses which are similar to the ones that he has
22 previously been convicted of, I am going to impose the
23 aggravated term of nine years.
24            As to Count 2, the stipulation is that the
25 defendant be placed on probation upon his release from the

                                                                  15

1  Department of Corrections, I believe that's
2  appropriate.  It is ordered suspending the imposition of
3  sentence and placing the defendant on three years of
4  supervised probation beginning upon his release from the
5  Department of Corrections.
6              As to the matter ending -814, there is a
7  stipulation that the defendant be sentenced to a mitigated
8  term in the Department of Corrections.  I find as
9  mitigating factors versus his out-of-character for the
10 defendant, that's one of them and I think that's why you
11 got the mitigated term.  You accepted responsibility for
12 your actions, there is a probation tail, and you have
13 substance abuse issues that have contributed to your
14 criminal history.
15             So I am going to impose the mitigated
16 sentence of three years with credit for -- is it 227 days,
17 Counsel?
18             MR. LEATHERS:  Yes.
19             THE COURT:  227 days already served.
20             It is ordered that the two DOC sentences be
21 served concurrently with each other.
22             Sir, you must submit to disease testing and
23 provide results to the victims.
24             As to the probation matter, the defendant
25 was on probation for Burglary, a Class 4 Felony, committed

```
                                                              16
 1  September 20, 2011.  It is ordered revoking probation,
 2  sentencing him to the presumptive term of two and a half
 3  years.  And that one is actually the one with credit for
 4  277 days, the other one -- 227; the other one was 177.
 5  And that sentence shall also be served concurrently at the
 6  same time as the matters in which he has just been ordered
 7  into DOC.
 8              Sir, if you disagree with what I have done,
 9  you have 90 days from today to file a petition for post
10  conviction relief.  If you fail to do so, you lose that
11  right.  If you could not afford it, an attorney, records
12  and transcripts would be provided to you free of cost for
13  that process.
14              And if there's nothing further, this matter
15  is adjourned.  Good luck.
16              THE DEFENDANT:  All right.  Thank you.
17              (Whereupon proceedings concluded.)
18
19
20
21
22
23
24
25
```

```
                                                                    17
 1                    REPORTER'S CERTIFICATION
 2
 3
 4         I, VANESSA GARTNER, RPR, do hereby certify that
 5  the foregoing pages constitute a true and accurate
 6  transcript of my stenographic notes, taken at said time
 7  and place, all done to the best of my skill and ability.
 8         DATED this 5th day of July, 2020.
 9
10
11
12                              _____/s/_____
                                Vanessa Gartner, RPR
13                              Certified Reporter
                                No. 50601
14
15
16
17
18
19
20
21
22
23
24
25
```