IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cole Joseph Spencer,<br><br>              Plaintiff,<br><br>v.<br><br>Aaron Pew, et al.,<br><br>              Defendants. | No. CV-20-00385-PHX-DGC<br><br>**CASE MANAGEMENT ORDER** |

The Court held a conference call with the parties on December 13, 2024, and agreed to allow additional discovery before trial. This order will identify the permitted discovery.

1. <u>Discovery Limitations</u>. Plaintiff may depose Defendant Pew and one additional officer, and shall have a total of 8 hours of total deposition time for the two depositions. Defendant may depose Plaintiff. Each side may propound 3 additional interrogatories, including subparts, and 3 additional requests for production of documents, including subparts.

2. <u>Fact Discovery</u>. The deadline for completing fact discovery shall be February 28, 2025.

3. <u>Expert Disclosures and Discovery</u>.

    a. Plaintiff may identify two experts, and shall provide full and complete expert disclosures as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure by **March 14, 2025**.

    b. Defendant may identify two experts, and shall provide full and

complete expert disclosures as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure by **April 4, 2025**.

      c.      Plaintiff rebuttal expert disclosures, if any, shall be made no later than **April 25, 2025**.  Rebuttal experts shall be limited to responding to opinions stated by defense experts.

      d.      Expert depositions shall be completed by **May 16, 2025**.

      e.      Disclosures under Rule 26(a)(2)(A) must include the identities of treating physicians and other witnesses who will provide testimony under Federal Rules of Evidence 702, 703, or 705, but who are not required to provide expert reports under Rule 26(a)(2)(B).  Rule 26(a)(2)(C) disclosures are required for such witnesses on the dates set forth above.  Rule 26(a)(2)(C) disclosures must identify not only the subjects on which the witness will testify, but must also provide a summary of the facts and opinions to which the expert will testify.  The summary, although clearly not as detailed as a Rule 26(a)(2)(B) report, must be sufficiently detailed to provide fair notice of what the expert will say at trial.[1]

      f.      As stated in the Advisory Committee Notes to Rule 26 (1993 Amendments), expert reports under Rule 26(a)(2)(B) must set forth "the testimony the witness is expected to present during direct examination, together with the reasons therefor."  Full and complete disclosures of such testimony are required on the dates set forth above; absent extraordinary circumstances, parties will not be permitted to supplement expert reports after these dates.  The Court notes, however, that it usually permits parties to present opinions of their experts that were elicited by opposing counsel during depositions of the experts.  Counsel should depose experts with this fact in mind.

---

[1] In *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817 (9th Cir. 2011), the Ninth Circuit held that "a treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment." *Id.* at 826.  Thus, for opinions formed outside the course of treatment, Rule 26(a)(2)(B) written reports are required. *Id*.  For opinions formed during the course of treatment, Rule 26(a)(2)(C) disclosures suffice.

4. <u>Discovery Disputes</u>.

 a. If a discovery dispute arises, the parties promptly shall call the Court to request a telephone conference concerning the dispute. The Court will seek to resolve the dispute during the telephone conference, and may enter appropriate orders on the basis of the telephone conference. The Court may order written briefing if it does not resolve the dispute during the telephone conference. The parties shall not file written discovery motions without leave of Court.[2]

 b. Parties shall not contact the Court concerning a discovery dispute without first seeking to resolve the matter through personal consultation and sincere effort as required by Local Rule of Civil Procedure 7.2(j). Any briefing ordered by the Court shall also comply with Local Rule of Civil Procedure 7.2(j).

 c. Absent extraordinary circumstances, the Court will not entertain fact discovery disputes after the deadline for completion of fact discovery, and will not entertain expert discovery disputes after the deadline for completion of expert discovery.

5. <u>Pretrial Conference and Trial Dates</u>. The final pretrial conference shall be held at **10:00 a.m. on June 5, 2025**. Trial shall begin on **June 16, 2025 at 9:00 a.m.** and shall be held on June 16-18 and 20. The Court will issue a separate order regarding the final pretrial conference and trial.

Dated this 13th day of December, 2024.

*David G. Campbell*
_____
David G. Campbell
Senior United States District Judge

---

[2] The prohibition on "written discovery motions" includes any written materials delivered or faxed to the Court, including hand-delivered correspondence with attachments.